UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RAINA M. CARDONI,<br><br>        Debtor. | Case No. 22-cv-01616-JD<br><br>**ORDER RE STAY** |

The request for a stay pending appeal by appellant Ruby Creek Ranch, LLC (Ruby Creek) is denied. Dkt. No. 6.

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. [Ruby Creek has] the burden of demonstrating that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (cleaned up). The Court will consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434. The first two factors "are the most critical," and "simply showing some possibility of irreparable injury fails to satisfy the second factor." *Id.* at 434-35 (internal quotations and citation omitted). A stay will be denied to movants who do "not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011); *see also Winding Creek Solar LLC v. Peevey*, No. 13-CV-04934-JD, 2018 WL 1912136, at *2 (N.D. Cal. Apr. 23, 2018).

Ruby Creek has not established a threat of irreparable injury, or that money damages would be inadequate for any injury it might sustain. Ruby Creek's sole point is that "with a property sold at less than full value . . . any lien remaining to Ruby Creek" on the proceeds of the proposed sale "would be measurably less than the one Ruby Creek had before the sale." Dkt. No. 6 at 9. But as Ruby Creek acknowledged, the bankruptcy court order provides that Ruby Creek's lien will "attach to the sale proceeds [with the] same force, effect, validity, and priority" to which it had attached to the property. *Id.* at 8. Consequently, Ruby Creek's apprehension of injury is difficult to follow, and that vagueness undercuts the possibility of finding irreparable harm. *See In re Howrey LLP*, No. 14-CV-03062-JD, 2014 WL 3427304, at *4 (N.D. Cal. July 14, 2014).

In addition, a diminution in the value of the lien is ready made for a money damages award, should circumstances ever warrant that. This eliminates any genuine threat of irreparable harm to Ruby Creek. *See Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984); *In re Irwin*, 338 B.R. 839, 853-54 (E.D. Cal. 2006) (finding no irreparable harm to lien holder from sale of property because "any injury may be remedied by a damage award").

At the hearing on the stay request, the Court pressed Ruby Creek for a good reason to reach a different conclusion. None was presented, and so a stay is denied.

**IT IS SO ORDERED.**

Dated: May 25, 2022

JAMES DONATO
United States District Judge