UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RAINA M. CARDONI,<br><br>  Debtor.<br><br>RUBY CREEK RANCH, LLC<br><br>  Appellant,<br><br>  v.<br><br>RAINA M. CARDONI,<br><br>  Appellee. | Case No. 3:22-cv-01616-JD<br><br>**ORDER RE BANKRUPTCY APPEAL** |

The parties to this bankruptcy appeal were directed to file a joint statement by February 3, 2023, advising the Court of whether the appeal should be dismissed as moot in light of a potential settlement with respect to the property at issue. Dkt. No. 28. The parties filed a statement, Dkt. No. 29, in which they asked that the appeal not be dismissed until the settlement was final, and stated that they would "inform the court upon the completion of the settlement or by March 1, 2023, whichever is earlier." Dkt. No. 29 at 2. They did not discuss why the appeal presented a live, justiciable controversy in light of the proposed settlement or related developments. The parties' self-imposed March 1 deadline to provide a further status report came and went without any updates.

"[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). The facts and circumstances here raise mootness as a threshold issue. "In bankruptcy, mootness comes in a variety of flavors: constitutional, equitable, and statutory." *Castaic Partners II, LLC v. DACA-Castaic, LLC* (*In re Castaic Partners II, LLC*), 823 F.3d 966, 968 (9th Cir. 2016) (citation omitted).

Constitutional mootness provides the framework here. "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002); *see also Trump v. Twitter Inc.*, No. 21-cv-08378-JD, 2023 WL 1997921, at *2 (N.D. Cal. Feb. 14, 2023). A matter is moot if at any time during the course of litigation, the plaintiff ceases to be threatened with or suffer "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotations and citation omitted); *see also Rahman v. City of Oakland*, No. 22-cv-05038-JD, 2022 WL 4292954, at *2 (N.D. Cal. Sept. 16, 2022). These principles apply just as well in the appellate context. A court "cannot exercise jurisdiction over a moot appeal." *Ellis v. Yu* (*In re Ellis*), 523 B.R. 673, 677 (B.A.P. 9th Cir. 2014). The test "is whether [the] court can still grant effective relief to the prevailing party if it decides the merits in his or her favor." *Id.*

The subject of this appeal is an order entered on February 14, 2022, that approved the sale of real property free and clear of certain liens pursuant to 11 U.S.C. § 363(f)(4). Dkt. No. 1 at 2 (notice of appeal). The order authorized debtor-appellee Raina Cardoni to sell property at 102 Hillcrest Terrace, Santa Cruz, California to three individuals for the sum of $1,800,000, free and clear of a disputed lien of appellant Ruby Creek Ranch, LLC (RCR), and an undisputed lien of a judgment creditor. *See* Dkt. No. 18-2 at ECF pp. 96-97. RCR asks that the February 2022 sale order be vacated, "in light of the lack of evidence actually presented to support the Order, the lack of due process, and the requirements of the Bankruptcy Code." Aplt. Br. at 26.

Subsequent developments have overtaken the order and effectively rendered it a nullity. The Court may properly take judicial notice of "the underlying bankruptcy court records relating to an appeal." *Chagolla v. J.P. Morgan Chase Bank, N.A.* (*In re Chagolla*), 544 B.R. 676, 681 n.5 (B.A.P. 9th Cir. 2016). The filings in the bankruptcy court indicate that, after the sale order was entered and a stay pending appeal was denied, the sale fell through. *See In re Cardoni*, No. 21-bk-51302 (Bankr. N.D. Cal.), Bankr. Dkt. No. 187 at 1-2 ("Debtor was unable to close the sale due to inability to obtain title insurance on the transaction, and ultimately, the buyers withdrew."). The parties to this appeal reached a new settlement whereby Cardoni would transfer the subject

2

property to RCR (or related party Josh Hedlund) in exchange for $38,500 to her and $150,000 to her mother, Nadine Bourell-Montoya, while several secured creditors would receive no payment but retain their liens. *See* Bankr. Dkt. No. 154. The bankruptcy court approved the settlement, over the opposition of unpaid creditors. *See* Bankr. Dkt. Nos. 161, 164, 166, 182.

This settlement also fell through. On March 2, 2023, Cardoni filed a new motion for an order approving sale of the property free and clear of certain liens, representing that RCR "failed to fully perform on the payments required by the settlement agreement." Bankr. Dkt. No. 187 at 2. Cardoni now wishes to sell the subject property to Sergiy Ravnyago for over $1.6 million. *See* Bankr. Dkt. No. 189-1. The motion is currently pending before the bankruptcy court.

As the record demonstrates, this is a textbook example of mootness. The February 2022 order is now entirely beside the point because the sale transaction it addressed has been terminated in all respects. Consequently, there is no live or justiciable controversy for the Court to resolve in the appeal, or any effective relief that might be ordered.

To be clear, RCR will have a full and fair opportunity to pursue its claims with respect to a sale of the property. If the bankruptcy court approves Cardoni's new sale motion, RCR may raise any new or unresolved issues in an appeal from that order. If the motion is rejected, Cardoni and others will have to go back to the drawing board to figure out what to do with the subject property. In either event, the sale order that this Court is being asked to vacate approved a sale that will not occur. Consequently, this appeal is dismissed as moot.

**IT IS SO ORDERED.**

Dated: March 6, 2023

JAMES DONATO
United States District Judge